IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

ENTERED
08/22/2013

IN RE )
)
LILLIE E. JEFFERSON, )  CASE NO. 13-33515-H3-13
)
    Debtor, )
)

MEMORANDUM OPINION

    The court has held an evidentiary hearing on the "Motion of Elbar Investments, Inc. for Relief from the Automatic Stay and Co-debtor Stay to Allow a Substitute Trustee to Deliver a Deed and to Allow Movant to Proceed with All State Law Remedies, Including, but Not Being Limited to a State Law Eviction Suit" (Docket No. 13). The following are the Findings of Fact and Conclusions of Law of the court. A separate Judgment will be entered granting the motion. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

Findings of Fact

    Lillie E. Jefferson ("Debtor") filed a voluntary petition under Chapter 13 of the Bankruptcy Code on June 4, 2013.

    During 2004, Debtor's sister, Pauline Neblett McNeese, conveyed property located at 2518 Riverside, Houston, Texas, to Debtor's mother, Gilberta Neblett. (Movant's Exhibit 1).

During 2009, Gilberta Neblett executed a deed of trust with respect to the property, to secure payment under a "reverse mortgage." (Movant's Exhibit 2).

On November 23, 2010, the Probate Court No. 4 of Harris County, Texas admitted Gilberta Neblett's will to probate as a muniment of title. (Movant's Exhibit 4).

Gilberta Neblett's will bequeathed the 2518 Riverside property, as part of her residual estate, to McNeese. (Movant's Exhibit 3).

On June 4, 2013, the same date on which the petition in the instant case was filed, the trustee under the deed of trust executed by Gilberta Neblett conducted a foreclosure sale of McNeese's interest in the 2518 Riverside property. (Movant's Exhibit 5). Vincent Bustamante, the vice president of Elbar Investments, Inc. ("Movant"), testified that Movant purchased the property at the foreclosure sale.

On June 4, 2013, Debtor did not own an interest in the 2518 Riverside property. McNeese purportedly conveyed to Debtor an interest in the property on June 14, 2013. (Movant's Exhibit 8).

Debtor filed the instant case on June 4, 2013. Prior to filing the instant case, Debtor did not complete the prepetition briefing required under Section 109(h) of the Bankruptcy Code.

Debtor's schedules in the instant case list no unsecured debt, no priority debt other than the fees of her bankruptcy attorney, and no secured debt other than the reverse mortgage. (Docket No. 20).

Debtor is a retired school teacher. Her schedules indicate that she has monthly income of $921.05, and expenses of $1,231.00. (Docket No. 20).

Debtor filed a plan calling for her to make two monthly payments to the Chapter 13 Trustee of $229,472.00 each. (Docket No. 21).

Debtor testified that, prior to filing the case, she received an offer to sell the property for $442,000. She testified that she intended to accept the offer. Debtor testified that she believes the value of the property is $1.2 million.

## Conclusions of Law

Section 362(d) of the Bankruptcy Code provides in pertinent part:

> (d) On request of a party in interest and after notice and a hearing, the court shall grant relief from the stay provided under subsection (a) of this section, such as by terminating, annulling, modifying, or conditioning such stay--
>
> > (1) for cause, including the lack of adequate protection of an interest in property of such party in interest;
> >
> > (2) with respect to a stay of an act against property under subsection (a) of this section, if-

>> (A) the debtor does not have an equity in such property; and
>>
>> (B) such property is not necessary to an effective reorganization;

11 U.S.C. §§ 362(d)(1), 362(d)(2).

Section 362(g) of the Bankruptcy Code provides:

> (g) In any hearing under subsection (d) or (e) of this section concerning relief from the stay of any act under subsection (a) of this section--
>
>> (1) the party requesting such relief has the burden of proof on the issue of the debtor's equity in property; and
>>
>> (2) the party opposing such relief has the burden of proof on all other issues.

11 U.S.C. § 362(g).

Cause is not defined in the Code, and must be determined on a case by case basis based on an examination of the totality of circumstances. In re Reitnauer, 152 F.3d 341, 343 n. 4 (5th Cir. 1998); In re Mendoza, 111 F.3d 1264 (5th Cir. 1997).

In the instant case, Debtor lists no creditors other than the reverse mortgage, as to which there is no evidence that she was a party. Debtor did not have an interest in the property on the petition date. The property was owned on that date by Debtor's sister, subject to the foreclosure sale at which Movant purchased the property. Debtor has not made an offer of adequate protection, and does not appear to have the means to do so. Moreover, Debtor failed to obtain the prepetition credit counseling briefing required under Section 109(h) of the

Bankruptcy Code.[1]  The court concludes, in considering the totality of circumstances, that the automatic stay in the above captioned case should be annulled, as of the date of filing of the petition in the instant case.

Based on the foregoing, a separate Judgment will be entered annulling the automatic stay.

Signed at Houston, Texas on this 22 day of Aug, 2013.

LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE

---

[1] The court notes that Debtor's failure to obtain the prepetition briefing will require dismissal of the instant case. The instant case will be dismissed by separate order.